UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| C.E.C., a minor[1] ) | |
| ) | |
| Claimant, ) | |
| ) | |
| v. ) | No. 3:23-cv-00098-CSW-MPB |
| ) | |
| MARTIN O'MALLEY,[2] ) | |
| ) | |
| Defendant. ) | |

### ORDER REVIEWING THE COMMISSIONER'S DENIAL OF BENEFITS

This matter is before the court on Claimant's appeal of the Commissioner's denial of his application for SSID Title XVI Benefits. (Dkt. 1). Claimant C.E.C. applied for supplemental security income ("SSI") from the Social Security Administration ("SSA") on November 29, 2021, alleging an onset of disability on May 8, 2010. (Dkt. 12-2 at 18). His application was initially denied on March 22, 2022, and upon reconsideration on June 30, 2022. *Id.* Administrative Law Judge Jason Yoder ("the ALJ") held a hearing on December 8, 2022, and issued his decision on December 28, 2022. The Appeals Council received the request for review on April 27, 2023. *Id.*; (Dkt. 12-2 at 2).

On June 28, 2023, C.E.C. filed this action pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), seeking a review of the denial of benefits. (Dkt. 1). The parties consented to the jurisdiction of the Magistrate Judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 for appropriate disposition of the matter.

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.
[2] Pursuant to Fed. R. Civ. P. 25(d), Martin O'Malley automatically became the Defendant in this case when he was sworn in as Commissioner of the Social Security Administration on December 20, 2023, replacing Acting Commissioner of the Social Security Administration, Kilolo Kijakazi.

I. STANDARD OF REVIEW

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 587 U.S. ----, 139 S. Ct. 1148, 1151 (2019). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards, and that substantial evidence exists for the ALJ's decision. *Stephens*, 888 F.3d at 327. "[S]ubstantial evidence" is such relevant "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154). "Although this Court reviews the record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled." *Stephens*, 888 F.3d at 327. Reviewing courts also "do not decide questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'" *Zoch*, 981 F.3d at 601 (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)). The Court seeks to "determine whether the ALJ built an 'accurate and logical bridge' between the evidence and the conclusion." *Peeters v. Saul*, 975 F.3d 639, 641 (7th Cir. 2020) (quoting *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014)).

The SSA applies a three-step evaluation to determine whether a child claimant is disabled. 20 C.F.R. § 416.924(a). Those three steps are:

(1) If a child is working and doing substantial gainful activity, the child is not disabled. 20 C.F.R. § 416.924(b).

    (2) If a child does not have a severe medically determinable impairment, the child is not disabled. 20 C.F.R. § 416.924(c).

    (3) If a child's severe impairment(s) meet, medically equal, or functionally equal a listing,[3] the child is disabled. 20 C.F.R. § 416.924(d). Functional equivalence of a listing may be determined by evaluating the impairment's impact on the "domains of functioning." 20 C.F.R. § 416.926a(a).

The SSA asks "whether the child's limitation meets one of the many listed categories of disability or are functionally equivalent to one of them." *McCavitt v. Kijakazi*, 6 F.4th 692 (7th Cir. 2021) (citing *Sullivan v. Zebley*, 493 U.S. 521 (1990)). In determining whether a child's impairment is functionally equivalent to a listing, the SSA evaluates the impairment's impact on the "domains of functioning." 20 C.F.R. § 416.926a(a). The six domains of functioning are:

    (1) acquiring and using information;

    (2) attending and completing tasks;

    (3) interacting and relating with others;

    (4) moving about and manipulating objects;

    (5) caring for yourself; and

    (6) health and physical well-being.

20 C.F.R. § 416.926a(b)(1).

Specifically, a child is disabled when the impairment results in either: (1) a "marked" limitation in at least two domains; OR (2) an "extreme" limitation in at least one of the domains. 20 C.F.R. § 416.926a(a); *see also L.D.R. v. Berryhill*, 920 F.3d 1146 (7th Cir. 2019). A marked limitation is the equivalent of functioning one would "expect to find on standardized testing with scores that are [between two and three] deviations below the norm," and an extreme limitation is the equivalent of functioning one would "expect to find on standardized testing with scores that are at least three standard deviations below the mean." 20 C.F.R. § 416.926a(e)(2)-(3).

---

[3] "The Listings" are found at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2023).

As the 7th Circuit recently affirmed: "An ALJ need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050 (7th Cir. 2024). "All [that is] required is that ALJs provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow [] a reviewing court to assess the validity of the agency's ultimate findings." *Warnell v. O'Malley*, 97 F.4th 1050 (7th Cir. 2024).

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Stephens*, 888 F.3d at 327. When an ALJ's decision does not apply the correct legal standard, a remand for further proceedings is usually the appropriate remedy. *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021). A remand is also appropriate when the decision is not supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). "An award of benefits is appropriate only where all factual issues have been resolved and the 'record can yield but one supportable conclusion.'" *Id.* (quoting *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993)).

## II. BACKGROUND

C.E.C. was 11 years of age on his application date. (Dkt. 12-2 at 19). As such, C.E.C. has no relevant work experience. The ALJ followed the three-step sequential evaluation set forth by the SSA in 20 C.F.R. § 416.924(a), and ultimately concluded C.E.C. was not disabled. (Dkt. 12-2 at 18-29). Specifically, the ALJ found as follows:

- At Step One, C.E.C. has not engaged in substantial gainful activity[4] since November 29, 2021, his application date. (Dkt. 12-2 at 19).

---

[4] Substantial gainful activity is defined as work activity that is both substantial (i.e., involves significant physical or mental activities) and gainful (i.e., work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 416.972(a).

- At Step Two, C.E.C. had the following severe impairments: attention deficit hyperactivity disorder, combined type; autism spectrum disorder; generalized anxiety disorder; asthma; and adjustment disorder with depressed mood. (Dkt. 12-2 at 19).

- At Step Three, C.E.C. did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Dkt. 12-2 at 19). *See* 20 C.F.R Pt. 404, Subpt. P, App. 1.

- Also at Step Three, C.E.C. did not have an impairment or combination of impairments that functionally equals the severity of the listings. (Dkt. 12-2 at 20). Specifically, C.E.C. had the following limitations in the six "domains of functioning:"
    - (1) <u>Less than a marked limitation</u> in acquiring and using information;
    - (2) <u>Less than a marked limitation</u> in attending and completing tasks;
    - (3) <u>Marked limitation</u> in interacting and relating with others;
    - (4) <u>No limitation</u> in moving about and manipulating objects;
    - (5) <u>Less than a marked limitation</u> in the ability to care for himself; and
    - (6) <u>Less than a marked limitation</u> in health and physical well-being.

### III. DISCUSSION

C.E.C. mounts one challenge to the ALJ's determination that he is not entitled to disability benefits—whether the ALJ erred by failing to explain why he "rejected" the opinion of C.E.C.'s special education teacher, Ms. Cann, in analyzing the second domain of attending and completing tasks. (Dkt. 20 at 8). The Commissioner responds that the ALJ's findings were supported by substantial

evidence, particularly that of Claimant, other educators, and his physicians. (Dkt. 22 at 7).

Claimant asserts the ALJ erred by failing to explain why the ALJ did not give full weight to Ms. Cann's assessment of Claimant's impairments in the second domain of functioning, "attending and completing tasks." Claimant specifically points to Ms. Cann's opinion that he "struggles markedly to filter out environmental stimuli & maintain attention to one task." (Dkt. 12-6 at 51).

The Commissioner responds that Claimant himself testified that he mostly works by himself throughout the day, does not have trouble turning in assignments or remembering things, and does not have any trouble paying attention. (Dkt. 22 at 7); (Dkt. 12-2 at 57). Additionally, Mr. Kerner, Claimant's former assistant principal and the director of special education, opined less than a year prior that Claimant had no limitations in the second domain. (Dkt. 22 at 8) (citing (Dkt. 12-7 at 142-45)). Finally, the ALJ considered the Claimant's lack of a need to be treated by medication for ADHD and his positive counseling records. (Dkt. 12-2 at 24-25).

The Court does not re-weigh evidence. Rather, the Court must only determine whether substantial evidence supported the ALJ's determination. "[S]ubstantial evidence" is such relevant "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154).

Though the Claimant critiques the ALJ's analysis, such criticism is not borne out by a full review of the record. Indeed, the ALJ did explain and consider Ms. Cann's opinion regarding the second domain of functioning. The ALJ noted Ms. Cann's evaluation in each of the six domains of functioning, and gave full credence to her evaluation in some aspects of those domains. Additionally, the ALJ discussed the existence of conflicting evidence, as described below, which undermined Ms. Cann's opinion on the second domain.

First, the ALJ noted that Claimant's own testimony established that he did not have problems in areas related to attending and completing tasks. The Claimant unequivocally stated that he did not have trouble paying attention, and

that he did not believe he had trouble turning in assignments and remembering to do things.

Next, the ALJ analyzed the testimony of Mr. Kerner's assistant principal and director of special education. A mere eight months prior to Ms. Cann's evaluation, Mr. Kerner expressed that the Claimant had no limitation in the second domain. Mr. Kerner also spent a considerable amount of time with the Claimant, as he spent seven hours per day with Claimant for three months. In contrast, Ms. Cann estimated she spent about a third as much time with the Claimant each day.

Finally, the ALJ also hi-lighted evidence which undermined Ms. Cann's opinion: the lack of treatment for Claimant's ADHD diagnosis. The second domain "considers how well a child is able to focus and maintain attention." (Dkt. 12-2 at 24). While Claimant contends the limitation in this regard is largely due to autism, and not ADHD, evidence of a limitation in the second domain can also be informed by evaluating Claimant's attention deficit treatment. The ALJ noted that Claimant's medical records "do not indica[te] any ADHD symptoms at all." (Dkt. 12-2 at 25). Additionally, Claimant is not receiving—nor has his guardian ever inquired about—medication to treat a disorder relating to attention deficit.

In sum, the ALJ found Claimant's own testimony, Mr. Kerner's evaluation, and the lack of treatment for attention deficit disorder to support his conclusion. The ALJ did not altogether ignore Ms. Cann's evaluation, as Claimant argues now. Instead, the ALJ analyzed and even attributed some weight to Ms. Cann's evaluation, as it was the only piece of evidence discussed that supported a finding of any limitation. Ultimately, however, the ALJ found that overall the evidence in the record did not support a finding of a less than marked limitation in the second domain.

Given the ALJ's detailed analysis of the second domain, the Court finds the ALJ's determination was supported by substantial evidence.

## IV. CONCLUSION

"The standard for disability claims under the Social Security Act is stringent." *Williams-Overstreet v. Astrue*, 364 F. App'x 271, 274 (7th Cir. 2010). "Even claimants with substantial impairments are not necessarily entitled to benefits . . . despite serious physical or mental impairments and for whom working is difficult and painful." *Id.*

Finding no legal basis presented by C.E.C. to reverse the ALJ's decision, the Court **AFFIRMS** the decision. Final judgment will issue by separate entry.

**SO ORDERED.**

Date: June 28, 2024

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

**Distributed electronically to all ECF-registered counsel of record.**